# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL JOSEPH MALDONADO,<br><br>        Petitioner,<br><br>   v.<br><br>SCRIBNER,<br><br>        Respondent.<br>_____/ | 1:07-CV-01076 OWW DLB HC<br><br>FINDING AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     Petitioner filed the instant petition for writ of habeas corpus on July 26, 2007. In his petition, Petitioner contends that he is confined in the Security Housing Unit (SHU) at Corcoran State Prison. Petitioner contends that his detention in the SHU affects the duration of his sentence because he is unable to earn credits.

DISCUSSION

     Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

A federal court may only grant a petition for writ of habeas corpus if the federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. Any deprivation that does not affect the fact or duration of a prisoner's overall confinement is necessarily a condition of that confinement. Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir.1999). In other words, if a successful conditions of confinement challenge would not necessarily shorten the prisoner's sentence, then § 1983 is the appropriate vehicle. See Wilkinson v. Dotson, 544 U.S. 74 (2005).

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Because Petitioner has no liberty interest in earning work time credits, the instant petition must be dismissed. See Toussaint v. McCarthy, 801 F.2d 1080, 1094-1095 (9th Cir. 1986).

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus be DISMISSED; and

2.  The Clerk of Court be directed to enter judgment.

This Finding and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

1  the Local Rules of Practice for the United States District Court, Eastern District of California.
2  Within **fifteen (15)** days after being served with a copy, any party may file written objections
3  with the court and serve a copy on all parties. Such a document should be captioned "Objections
4  to Magistrate Judge's Finding and Recommendation." Replies to the objections shall be served
5  and filed within ten (10) court days (plus three days if served by mail) after service of the
6  objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
7  636 (b)(1)(C). The parties are advised that failure to file objections within the specified time
8  may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th
9  Cir. 1991).

10     IT IS SO ORDERED.

11     Dated: **August 2, 2007**           **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE