1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   RAUL JOSEPH MALDONADO,         1:07-CV-01076 OWW DLB HC

10               Petitioner,       FINDINGS AND RECOMMENDATION
                       REGARDING RESPONDENT'S MOTION TO
11      v.                     DISMISS

12
13   DERRAL G. ADAMS,

14               Respondent.
  _____/

15
16       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.[1]

18                                BACKGROUND

19       In the instant petition, Petitioner challenges his validation as an associate of the Northern

20   Structure prison gang on September 29, 2004.

21       Petitioner indicates that he attempted to file an administrative appeal challenging the

22   validation, but it was refused at the director's level on May 27, 2005. (Petition, attachment

23   entitled "Memorandum of Law and Facts in Support of Petitioner's Writ of Habeas Corpus,

24   Superior Court of California, County of San Joaquin, at 4.)

25       Respondent submits Petitioner's administrative appeal challenging the validation which

26
27
28

---

[1] In the motion to dismiss, counsel indicates that Derral G. Adams has replaced Scribner as Warden at California State Prison, Corcoran. Accordingly, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Warden Adams is be substituted as Respondent in this action. Fed. R. Civ. P. 25(d)(1); see Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1   was screened out at third and final level of review on March 2, 2005.  (Exhibits 1 & 2, attached

2   to Motion.)

3       Petitioner filed a petition for writ of habeas corpus in the Kings County Superior Court on

4   August 25, 2005.  (Exhibit 3.)  The petition was denied on September 23, 2005, for Petitioner's

5   failure to utilize Judicial Council Form MC-275, as required by California Rules of Court, rule

6   4.551(a).  (Id.)

7       Petitioner then filed a petition in the California Court of Appeal, Fifth Appellate District

8   on October 25, 2005, which was summarily denied on November 18, 2005.  (Exhibit 4.)

9       On April 6, 2006, Petitioner filed a petition for writ of habeas corpus in the California

10  Supreme Court.  The petition was denied on May 10, 2006, with a citation to *In re Dexter*, 25

11  Cal.3d 921 (1979).  (Exhibit 5.)

12      The instant federal petition for writ of habeas corpus was not filed until July 26, 2007,

13  442 days later.  Respondent filed the instant motion to dismiss on April 1, 2008.  (Court Doc.

14  20.)  Petitioner did not file an opposition.

15                                    DISCUSSION

16  A.   Procedural Grounds for Motion to Dismiss

17      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

18  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

19  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

20      The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

21  if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

22  the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

23  (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White

24  v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

25  motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

26  (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a

27  response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.

28  Supp. at 1194 & n. 12.

1    In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.

2  2244(d)(1)'s one-year limitations period, 28 U.S.C. § 2244(b)(2)'s successive petitions, and 28

3  U.S.C. § 2254(b)(1)(A)'s exhaustion of state court remedies.  Therefore, the Court will review

4  Respondent's motion to dismiss pursuant to its authority under Rule 4.

5  B.    Limitation Period for Filing a Petition for Writ of Habeas Corpus

6    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

7  of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

8  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

9  2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118

10  S.Ct. 586 (1997).  The instant petition was filed on July 26, 2007, and thus, it is subject to the

11  provisions of the AEDPA.

12    The AEDPA imposes a one year period of limitation on petitioners seeking to file a

13  federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244,

14  subdivision (d) reads:

15    (1)  A 1-year period of limitation shall apply to an application for a writ of
   habeas corpus by a person in custody pursuant to the judgment of a State court.
16   The limitation period shall run from the latest of –

17       (A) the date on which the judgment became final by the conclusion of
   direct review or the expiration of the time for seeking such review;
18
       (B) the date on which the impediment to filing an application created by
19   State action in violation of the Constitution or laws of the United States is
   removed, if the applicant was prevented from filing by such State action;
20
       (C) the date on which the constitutional right asserted was initially recognized
21   by the Supreme Court, if the right has been newly recognized by the Supreme Court and
   made retroactively applicable to cases on collateral review; or
22
       (D) the date on which the factual predicate of the claim or claims
23   presented could have been discovered through the exercise of due diligence.

24    (2) The time during which a properly filed application for State post-
   conviction or other collateral review with respect to the pertinent judgment or
25   claim is pending shall not be counted toward any period of limitation under this
   subsection.
26

27    In most cases, the limitations period begins running on the date that the petitioner's direct

28  review became final.  In a situation such as this where the petitioner is challenging a parole board

3

1  decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations

2  commences when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d

3  1077, 1079 (9th Cir.2003) (holding that § 2241(d)(1)(D) applies in the context of parole decisions

4  and that the Board of Prison Term's denial of an inmate's administrative appeal is the "factual

5  predicate" of the inmate's claim that triggers the commencement of the limitations period).

6      "Section 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody

7  pursuant to a state court judgment, even when the petition is not challenging his underlying state

8  court conviction.'" Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006),

9  quoting White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir.2004). Under the AEDPA, an

10  application for habeas corpus will not be granted unless the adjudication of the claim "resulted in

11  a decision that was contrary to, or involved an unreasonable application of, clearly established

12  Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision

13  that was based on an unreasonable determination of the facts in light of the evidence presented in

14  the State Court proceeding." 28 U.S.C. § 2254(d). In the context of reviewing parole decisions,

15  due process requires that: 1) the inmate must receive advance written notice of a hearing, Pedro

16  v. Oregon Parole Bd., 825 F.2d 1396, 1399 (9th Cir.1987); 2) the inmate must be afforded an

17  "opportunity to be heard," Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1,

18  16 (1979); 3) if the inmate is denied parole, the inmate must be told why "he falls short of

19  qualifying for parole," Id.; and 4) the decision of the Board must be supported by "some

20  evidence" having an indicia of reliability, Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445,

21  455 (1985); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987).

22      As Respondent correctly argues, regardless of when the administrative appeal was

23  rejected at the final level of review, and regardless of the extent of statutory tolling during the

24  pendency of the state court petitions, the instant federal petition is untimely as Petitioner waited

25  442 days after the California Supreme Court denied the state petition to file in this Court, i.e.

26  May 10, 2006 (denial by California Supreme Court) and July 26, 2007 (date instant petition was

27  filed).  See Nino v. Galaza, 183 F.3d 1003, 1007 (9th Cir. 1999) (limitations period not tolled for

28  period of time between finality of state court review and filing of application for collateral review

4

in federal court).  Accordingly, on that basis alone, the instant petition is untimely.  Because the instant petition is clearly untimely and must be dismissed with prejudice, the Court need not and will not address the alternative basis for dismissal raised in Respondent's motion.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.  Respondent's motion to dismiss to dismiss the instant petition as untimely be GRANTED; and,

2.  The instant petition for writ of habeas corpus be DISMISSED, with prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **May 13, 2008**          _____/s/ **Dennis L. Beck**_____
UNITED STATES MAGISTRATE JUDGE

5